UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TERENCE D. MACLIN, JR., *et al.*,

Plaintiffs,

v. Case No. 26-cv-1430-pp

SGT. NOLAN, *et al.*,

Defendants.

---

**CASE MANAGEMENT ORDER**

---

On August 20, 2026, plaintiffs Terence D. Maclin, Jr., Shawn Castellano, Charles E. Smith, Jr., Quentin Ferguson, Quintin Peterson, Carloius Durant and Carl E. Quinn, Jr. filed a complaint under 42 U.S.C. §1983, alleging that the defendants had violated their civil rights. Dkt. No. 1. All of the plaintiffs were confined at the Milwaukee County Jail when they filed the complaint. Before screening the complaint or assessing initial partial filing fees, the court will clarify for the plaintiffs some of the implications of their choice to bring their claims jointly in a single case. If, after reviewing this decision, any plaintiff no longer wishes to continue with the case, he must notify the court in writing of his desire to withdraw by the end of the day on **September 16, 2026**. A plaintiff who withdraws from this case by that deadline will not be obligated to pay the filing fee. Plaintiffs who do not withdraw by that deadline will be assessed the statutory filing fee, regardless of when or why they may be dismissed from the case. See 28 U.S.C. §1915(b)(1).

A. Filing Fees

The cost of filing a civil case in federal court is $405, which includes the $350 statutory filing fee and a $52 administrative fee. The $55 administrative fee does not apply to persons granted leave to proceed without prepaying the filing fee. Under the Prison Litigation Reform Act (PLRA), incarcerated plaintiffs who bring a civil lawsuit must pay the statutory filing fee of $350. See 28 U.S.C. §1915(b)(1). Incarcerated plaintiffs to whom the court grants leave to proceed without prepaying the filing fee may pay that fee over time. See 28 U.S.C. §1915(b)(2). In a multiple-plaintiff case, **each plaintiff is required to pay a filing fee**. See Boriboune v. Berge, 391 F.3d 852, 855-56 (7th Cir. 2004); see Turley v. Gaetz, 625 F.3d 1005, 1011 (7th Cir. 2010) ("prisoners may join their claims in a single action but must each pay a separate filing fee").

A plaintiff who is unable to pay the full $405 filing fee may file a Request to Proceed in District Court Without Prepayment of the Filing Fee, together with a certified copy of his institutional trust account statement for the six months prior to the date the complaint was filed. These documents are available from the plaintiffs' institution. A plaintiff's failure to either pay the full filing fee or file a request to proceed without paying it (along with a certified trust account statement) may result in the court dismissing that plaintiff from the case without further notice. If a plaintiff encounters challenges satisfying this requirement, he must notify the court in writing before the deadline the court will set.

The plaintiffs have filed a joint motion for leave to proceed without prepaying the filing fee, dkt. no. 2, but each plaintiff must file his own individual motion for leave to proceed without prepaying the filing fee and file his own trust account statement for the six months prior to the filing of this case. The court will set a deadline for all plaintiffs who have not withdrawn from the case to either pay the filing fee or file a motion for leave to proceed without paying it along with his trust account statement. If a plaintiff does not comply with that deadline, the court may dismiss him from the case.

B. Signatures

Federal Rule of Civil Procedure 11(a) requires that each party representing himself must personally sign every pleading, motion and other paper. This requirement may be difficult and costly for multiple incarcerated plaintiffs to comply with, particularly if any plaintiffs are transferred to different institutions or released before the case is resolved. Further, institution policies regarding communication and the delivery of documents among incarcerated persons may cause delay and confusion. The court advises the plaintiffs that under Rule 11(a), the court will strike any filing that is not signed by every plaintiff.

C. Screening, Sanctions and Strikes

After the above requirements have been satisfied, and those plaintiffs who wish to proceed have paid the filing fee or have been assessed and paid an initial partial filing fee, the court will screen the complaint. See 28 U.S.C. §1915A. The Seventh Circuit has described the challenges that arise with

group complaints filed by incarcerated persons. See Boriboune, 391 F.3d 852. Complaints filed by multiple incarcerated plaintiffs may proceed if the allegations in the complaint satisfy the criteria for permissive joinder of parties and joinder of claims. See Fed. R. Civ. P. 20, 18. Rule 20 allows plaintiffs to join in one action if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Rule 18 allows properly joined plaintiffs to assert as many claims as they have against a single party. But "[u]nrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The plaintiffs should be aware that if any plaintiffs or any claims are not properly joined in this case, the court may sever the claims into separate cases (for which they will be required to pay additional filing fees) or may dismiss the improperly-joined parties. See Fed. R. Civ. P 21.

Finally, each plaintiff will be held legally responsible for knowing what is filed on his behalf. Each plaintiff will be subject to sanctions under Fed. R. Civ. P. 11 if the court finds sanctions to be warranted in any aspect of the case, even if a particular plaintiff was not directly responsible for the sanctionable conduct. Every plaintiff who was in custody when the complaint was filed will incur a "strike" if the court dismisses this case as frivolous or malicious or for failure to state a claim upon which relief may be granted. See 28 U.S.C. §1915(g).

D. Conclusion

The court **ORDERS** that any plaintiff who no longer wishes to continue with this case must notify the court in writing of his desire to withdraw by the end of the day on **September 16, 2026**. A plaintiff who withdraws by the deadline will not have to pay a filing fee. A plaintiff who withdraws from this case may file a separate case pursuing these same claims. If a plaintiff files a separate case, he will be required to pay the filing fee. **Any plaintiff who does not withdraw from this case by the end of the day on September 16, 2026 will be assessed the statutory filing fee.**

The court **ORDERS** that each plaintiff who wishes to proceed with this case must submit either the $405 filing fee or a request to proceed without prepaying the filing fee and a certified trust account statement (covering the six months prior to August 20, 2026) by the end of the day on **September 25, 2026**. Failure to do so by the deadline may result in the court dismissing a plaintiff from this case without further notice. Any plaintiff who encounters challenges satisfying this requirement must notify the court in writing before the September 25, 2026 deadline.

Dated in Milwaukee, Wisconsin this 25th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**